UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHANNON F. CAGLE,

    Defendant.
    _____/

Case No. 05-73883

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 12, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On October 11, 2005, Plaintiff, the United States of America, initiated this action against Defendant, Shannon F. Cagle, alleging that she failed to repay her student loan. Presently before this Court is Plaintiff's Motion for Summary Judgment, which was filed on April 2, 2007. Defendant, proceeding *pro se*, filed a response to Plaintiff's motion on April 16, 2007. On April 25, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Plaintiff's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.    Background**

On October 25, 1985, Defendant executed a promissory note with Comerica Bank Detroit ("holder") for a $2,500.00 student loan. Defendant's loan obligation was guaranteed by the Michigan Higher Education Assistance Authority ("guarantor") and reinsured by the United States Department of Education ("DOE") through a program authorized under 20 U.S.C. § 1071.

Defendant defaulted on her student loan on December 1, 1986. Defendant's payment obligation was accelerated pursuant to the terms and conditions of the promissory note. (*See* Compl.; Pl.'s Br. Ex. E.) Due to the default, the guarantor paid the holder $2,500.00. The guarantor was then reimbursed by the DOE. After the guarantor's efforts to recover the debt proved to be unsuccessful, it assigned the right and title to the loan to the DOE on May 18, 1998.

According to Plaintiff's Complaint, as of October 11, 2005, Defendant owes $2,664.20 in principal plus $2,912.62 in interest, totaling $5,576.82, to Plaintiff.

**II.   Standard of Review**

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions

of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III. Analysis

Defendant does not deny that she executed the promissory note in question. Instead, Defendant denies that the debt remains unpaid and contends that she repaid the student loan in full in 1993 or 1994.[1] Defendant argues that she "would like nothing more to produce any/and [sic] records to support claim that this debt was paid in full." (Dft.'s Br. at 1). Plaintiff argues that despite having more than a year to obtain evidence in support of her claim that she repaid the loan, Defendant fails to satisfy her burden on summary

---

[1] According to Plaintiff's brief in support, Defendant claims that she repaid the student loan when she was seeking to obtain a mortgage and the lender required her to pay the student loan as a condition of obtaining the mortgage.

3

judgment.

In response to an asserted defense of repayment, the party seeking payment of a student loan can satisfy its initial burden by showing that the borrower signed a promissory note, received the student loan payment, and defaulted on his or her repayment obligations. *United States v. MacDonald*, No. 93-1924, 1994 U.S. App. LEXIS 11280, *4 (6th Cir. May 16, 1994). After this showing is made, the party asserting the defense of repayment must "present evidence supporting his [or her] defense of repayment . . . ." *Proctor v. U.S. Dep't of Educ.*, 196 Fed. Appx. 345, 348, 2006 U.S. App. LEXIS 21508, *5 (6th Cir. 2006).

Attached to both Plaintiff's Complaint and motion is the promissory note for the student loan in question. (*See* Compl.; Pl.'s Br. Ex. E.) The promissory note bears Defendant's signature and specifies the amount borrowed. (*Id.*) In addition, Plaintiff has proffered a Certificate of Indebtedness authored by the DOE, which states that Plaintiff defaulted on her student loan on December 1, 1986. (*See* Pl.'s Br. Ex. C.) Furthermore, Plaintiff submitted the affidavit of DOE loan analyst Lynda Fatalale indicating that she reviewed the Certificate of Indebtedness "and find[s] it to be true and accurate to the best of [her] knowledge, information, and belief." (Pl.'s Br. Ex. D.) Based on this evidence, Plaintiff has satisfied its initial burden. *See MacDonald*, 1994 U.S. App. LEXIS 11280, *4; *see also United States v. Davis*, 28 Fed. Appx. 502, 503, 2002 U.S. App. LEXIS 1846, *3 (6th Cir. 2002)(holding that a promissory note indicating the amount borrowed, a certificate of indebtedness verifying this amount, and a declaration made under penalty of perjury indicating the date of default and the current amount owed were sufficient to

4

establish a prima facie case that the party seeking payment was entitled to collect on the promissory note).

Defendant has failed to proffer any probative evidence in support of her contention that she paid the loan obligation in 1993 or 1994.[2]  Because Defendant fails to satisfy her burden in opposing Plaintiff's motion for summary judgment, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Pamela Ritter, Esq.
Shannon F. Cagle
183 S. Grand Pointe
Brooklyn, MI 49230

---

[2]A copy of the Payment History, attached as Exhibit A to Plaintiff's brief reveals that Defendant submitted three separate payments to the Michigan Guaranty Agency in 1993.  The Payment History also indicates that Defendant submitted a payment of $335.00 in 1995.  (*See* Pl.'s Br. Ex. A.)  Thus, Defendant's assertion is also contrary to the proffered evidence.